UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SABRE GLBL, INC.,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**MELODY SHAN, also known as SHAN MELODY XIAOYUN,**<br><br>       **Defendant.** | Civ. No. 15-8900 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

   This matter comes before the Court on Defendant Melody Shan's ("Shan") motion to compel arbitration and stay this proceeding brought by Plaintiff Sabre GLBL, Inc. ("Sabre"). The motion is decided without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Shan's motion is **GRANTED**.

**I.   BACKGROUND**

   The following facts are taken from the Complaint. (ECF No. 1-1.) From around September 1996 to August 2005, Defendant Shan was employed by Sabre Decision Technologies as a Consultant. In 2005, Shan began employment with Sabre International Inc. in China as a Manager of Software Development. As part of this change in employment, employer and employee entered into an Employee Intellectual Property and Confidentiality Agreement, as Shan was allegedly privy to highly confidential information and trade secrets. Shan was transferred back to the United States in August 2013, and the parties entered into a new version of this agreement (the "Employee Agreement"). The Employee Agreement includes confidentiality, non-solicitation, and non-compete provisions. Also included is a dispute resolution clause, requiring the parties to submit any dispute to arbitration, but allowing a party to pursue, if necessary, injunctive relief with expedited discovery in "the Federal or state courts in Tarrant County[,] Texas." (Decl. of Shannon Hampton Sutherland Supp. Mot. Compel Arbitration and Stay Proceeding Ex. A ("Employee Agreement") § III(B), ECF No. 2-2.) Lastly, the dispute resolution clause contains a choice-of-law provision, selecting Texas law to govern

the Employee Agreement. (*Id.*) Shan terminated her employment with Sabre approximately a year after the transfer back to the United States, in September 2014.

Sabre alleges that, upon leaving, Shan proceeded to create her own competing business, and in doing so breached the Employee Agreement. In order to bolster her company, Sabre asserts that Shan misappropriated its trade secrets and confidential information, including customer data, private employee information, and source code. With the customer information, Shan allegedly solicited and offered services to existing and prospective Sabre customers, and the employee information was used to hire away a number of Sabre employees. Lastly, Sabre asserts that Shan used the misappropriated source code to create and offer a competitive product that is identical to Sabre's.

Based on these allegations, Sabre brought an action in New Jersey state court alleging various breach of contract and accompanying tort claims, which was removed to this Court. Subsequent to removal, Shan filed the instant motion to compel arbitration and stay this proceeding. In its opposition, Sabre put forth a request for expedited discovery.

## II.    DISCUSSION

### A.    Legal Standard

Federal law presumptively favors the enforcement of arbitration agreements. *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178 (3d Cir. 1999). "The question of arbitrability—whether a[n] . . . agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). In considering the propriety of arbitration, a court must make "a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). "When determining both the existence and the scope of an arbitration agreement, there is a presumption in favor of arbitrability." *Id.* The Third Circuit has held that when arbitrability is apparent on the face of the complaint (and/or documents relied upon in the complaint) a motion to compel arbitration should be analyzed under the Rule 12(b)(6) standard. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773–74 (3d Cir. 2013). While the moving party has the burden of showing that the parties executed

2

an agreement to arbitrate, *see Schwartz v. Comcast Corp.*, 256 F. App'x 515, 519 (3d Cir. 2007), if the moving party fulfills this showing, the agreement to arbitrate is found presumptively valid and enforceable, 9 U.S.C. § 2.

**B.     Agreement to Arbitrate**

Sabre does not dispute the enforceability of the Employee Agreement—the primary basis on which it brings the instant action. Consequently, neither is the validity of the agreement to arbitrate within the Employee Agreement in issue. (*See* Pl.'s Memo Opp. Def.'s Mot. Compel Arbitration ("Pl.'s Opp.") 7, ECF No. 4-1.) Moving to the claims, the broad language of the Employee Agreement's arbitration clause encompasses the various disputes raised in the Complaint, which Sabre does not argue. (*See* Employee Agreement § III(B) ("any and all claims, disputes, or controversies arising out of or related to this Agreement or the breach of this Agreement, shall be resolved by binding arbitration.")) *See also PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, 783 F.3d 256, 262 (5th Cir. 2015) ("Agreements mandating arbitration of disputes that 'relate to' or 'are connected with,' rather than merely those 'arising out of,' a contract are 'broad arbitration clauses capable of expansive reach'"); *Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000) ("[W]hen phrases such as 'arising under' and 'arising out of' appear in arbitration provisions, they are normally given broad construction"). Instead, Sabre contends that the dispute resolution clause gives it a right to seek injunctive relief and expedited discovery, which is purportedly this instant action. Accordingly, Sabre asks this Court to deny the instant motion as premature and order expedited discovery. (*See* Pl.'s Opp. 7.)

The Court finds Sabre's argument unpersuasive. For one, while the Employee Agreement's dispute resolution clause clearly states that pursuit of "a temporary restraining order and/or preliminary injunctive relief" in the interim "until such time as an arbitration of all issues . . . can be conducted" is the sole exception to arbitration, Sabre did not seek such relief when initiating this action in New Jersey state court or from this Court when the action was removed. (*See* Employee Agreement § III(B).) Sabre's argument that its complaint was but a prelude to an ensuing motion for preliminary injunction, pending expedited discovery, is belied by the language of the dispute resolution clause. The Employee Agreement allows such expedited discovery only in conjunction with a request for injunctive relief. (*See id.*); *see also Bob Thompson Homes, Inc. v. Peters*, No. 05-97-00674-CV, 1999 WL 247111, at n.1 (Tex. App. Apr. 28, 1999)

3

(noting in the context of compelling arbitration that any ambiguity that exists in a contract be "construed strictly against the party who drafted it, since the drafter is responsible for the language used.")  Even if the Court were to accept Sabre's contention that this Complaint and the request for expedited discovery are but a first and second step to seeking a preliminary injunction, there is still the fact that Sabre did not comply with its own Employee Agreement by filing such suit in New Jersey and not Tarrant County, Texas—where it required that its employee consent to personal jurisdiction and venue.  (*See* Employee Agreement § III(B).)

In light of the above, Sabre's conclusory assertion that the motion to compel arbitration is "premature" and that the relief it is seeking cannot be provided through arbitration fails to rebut the plain language of its Employee Agreement and the public policy favoring arbitration.  *See McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 984 (5th Cir. 1995) (holding that the expression of a strong national policy favoring arbitration of disputes in the FAA, which requires any doubts be resolved in favor of arbitration, supersedes even a state policy requiring "ambiguities in a document be resolved against the sophisticated drafter.")  Accordingly, this Court will grant Shan's motion to compel arbitration and will stay this proceeding.  Since Sabre has not sought injunctive relief and did not bring this action in the appropriate venue, the request for expedited discovery will be denied as well.

### III.  CONCLUSION

For the reasons above, the Court **GRANTS** Defendant Shan's motion to compel arbitration and stay this proceeding and **DENIES** Plaintiff Sabre's request for expedited discovery.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 6, 2016**