## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SABRE GLBL, INC,** | Docket No.: 15-cv-8900 |
| **Plaintiff,** | **OPINION** |
| **v.** | |
| **MELODY SHAN, also known as SHAN MELODY XIAOYUN,** | |
| **Defendant.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

This matter comes before the Court on Defendant Melody Shan's motion to stay enforcement of this Court's April 23, 2018 Opinion and Order and to waive the bond requirement of Federal Rule of Civil Procedure 62(d). ECF No. 29. For the reasons set forth below, Defendant Shan's motion is **DENIED**.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY[1]

Plaintiff Sabre GLBL, Inc. ("Plaintiff") originally brought this action in New Jersey Superior Court against Melody Shan ("Defendant"). Defendant removed the case to this Court and moved to compel arbitration (the "Arbitration"). ECF No. 2. The Court granted Defendant's motion on April 6, 2017. ECF Nos. 6-7.

Arbitrator Mark Whittington (the "Arbitrator") conducted the Arbitration between September 25 and September 27, 2017. The Arbitrator issued an interim award on January 6, 2018, and a final award on February 12, 2018 (the "Award"), enjoining Defendant from competing with Plaintiff and awarding damages totaling $1,823,318.00.

Between the interim and final awards, Plaintiff learned that just before the Arbitration began, Defendant transferred her equity in her family home to her husband in exchange for *de minimis* consideration. According to Plaintiff, this was a deliberate attempt to hinder its ability to collect on the impending Award. To

---

[1] Familiarity with the underlying facts is assumed. For a recitation, see *Sabre GLBL, Inc. v. Shan*, No. 15-CV-8900, 2018 WL 1905802, at *1-2 (D.N.J. Apr. 23, 2018).

unwind the transfer, Plaintiff filed a second suit in this Court against Defendant Shan and her husband. *See* Complaint, *Sabre v. Shan*, 2:18-cv-00728-WJM-MF (D.N.J. Jan. 17, 2018), ECF No. 1. On March 23, 2018, Defendant's husband transferred a 50% interest in the home back to Defendant. Defendant and her husband eventually consented to the entry of a permanent injunction preventing them "from encumbering the Property until such time that Defendant Shan has paid to Sabre all amounts owed." Permanent Injunction, *Sabre v. Shan*, 2:18-cv-00728-WJM-MF (D.N.J. Aug. 29, 2018), ECF No. 21.

In early 2018, Plaintiff moved this Court to confirm the Award, while Defendant moved for vacatur. ECF Nos. 10, 11, 18, 20. On April 23, 2018, the Court granted in part and denied in part the cross-motions, setting aside the Arbitrator's award of attorney's fees and thus reducing total damages to $1,373,318. ECF No. 24. Defendant filed her Notice of Appeal on May 1, 2018. ECF No. 30.

On May 2, Defendant filed her Motion to Stay Enforcement and for Waiver of the Supersedeas Bond Requirement under Rule 62(d) (the "Motion"). ECF No. 29. Attached to the Motion was a sworn declaration by Defendant outlining her assets. Shan Decl. ¶ 1 (May 2, 2018), ECF No. 29.3. Defendant also stipulated that she would not sell her house or car during the pendency of the appeal. *Id.* ¶ 2. In her Motion, Defendant proffered this stipulation as an adequate alternative to the regular bond requirement of Rule 62(d). Def. Motion at 8, ECF No. 29. Defendant noted she "simply does not have the assets" to obtain a bond and the assets she does have "do not remotely approach" the amount required. *Id.* at 9.

## II. DISCUSSION

Judgment debtors that appeal a trial court's decision may move to stay a monetary judgment under Federal Rule of Civil Procedure 62(d). Under Rule 62, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." A supersedeas bond is any form of security from which the other party may be made whole if the appeal is unsuccessful, whether in the form of cash, property, or surety bond. *Hilburn v. Bayonne Parking Auth.*, No. 07–5211, 2013 WL 1721648, at *2 (D.N.J. Apr. 19, 2013) ("*Hilburn II*"). To be sufficient to make the appellee whole, the "bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." *Id.* Subject to certain exceptions not relevant here, appellants are entitled to a stay once the court approves the bond. *See* Fed. R. Civ. P. 62(d).

District courts "have discretion under Rule 62(d) to waive the bond requirement in whole or in part." *United States ex rel. Doe v. Heart Sol. PC*, No. CV143644SRCCLW, 2017 WL 2709561, at *1 (D.N.J. June 23, 2017). However,

such discretion should only be exercised in exceptional circumstances and where alternative means of securing the judgment exist. *Hilburn v. New Jersey Dep't of Corr.*, Civ. No. 7-6064, 2012 WL 3133890, at *29 (D.N.J. July 31, 2012) ("*Hilburn I*").

To determine whether extraordinary circumstances exist, courts in this district generally consider the following factors (the "*Dillon* factors"):

1. The complexity of the collection process;

2. The amount of time required to obtain a judgment after it is affirmed on appeal;

3. The degree of confidence that the district court has in the availability of funds to pay the judgment;

4. Whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and

5. Whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* (citing, *inter alia*, *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)).

The appellant-movant bears the burden of showing that (1) posting a full bond is impossible or impracticable (the "exceptional circumstances" element) and (2) proposing a bond-alternative that provides adequate security for the appellee (the "adequate alternative" element). *See id.* at *30 (quoting *Montalvo v. Larchmont Farms, Inc.*, No. 06–2704, 2011 WL 6303247, at *2 (D.N.J. Dec.15, 2011)). Here, Defendant failed to meet her burden on both elements.

## 1. Defendant Failed to Demonstrate Exceptional Circumstances Exist to Justify Waiving the Bond Requirement

As already discussed, this Court uses the *Dillon* factors to determine whether "exceptional circumstances" exist to justify waiving the normal bond requirement of Rule 62(d). However, Defendant barely addresses the *Dillon* factors in her brief. Instead, she argues extensively that denying the Motion "would substantially disrupt Shan's financial affairs" and that she "simply does not have the assets" to obtain a surety bond. Def. Motion at 9, ECF No. 29. Defendant's arguments only strengthen Plaintiff's position.

Most relevant here are the third and fourth *Dillon* factors. Given Defendant's admitted inability to cover the cost of the judgment, *see* Def. Motion

3

at 9, ECF No. 29, "the degree of confidence that the district court has in the availability of funds to pay the judgment" is essentially zero. *Dillon*, 866 F.2d at 904. Opposite *Dillon v. City of Chicago*, where the defendant city held a $484 million fund to pay judgments, Defendant's *inability* "to pay is so plain that the cost of a bond would [*clearly not*] be a waste of money." *Cf. id.* at 905.

Defendant touches on the fifth *Dillon* factor in arguing that without a bond waiver, "her other creditors would suffer." Def. Motion at 9-10, ECF No. 29. But Defendant offers no support for that assertion. Her brief provides no citation and the attached declaration mentions no debts or other creditors. *See generally* Def. Motion, ECF No. 29; Shan Decl., ECF No. 29.3. Absent any evidence of other creditors, the Court will not issue a stay to protect them.

The first *Dillon* factor—the complexity of the collection process—also supports Plaintiff's position. Defendant's declaration lists few liquid assets. She has no wages to garnish and very little cash on hand. *See* Def. Motion at 10, ECF No. 29; Shan Decl. ¶ 1, ECF No. 29.3. For Plaintiff to collect, Defendant will likely have to sell her home and car, no simple task. Further, Defendant already attempted to transfer her home equity before commencement of the Arbitration, requiring Plaintiff to expend time and money on separate proceedings to undo her actions. *See generally* Complaint, *Sabre v. Shan*, 2:18-cv-00728-WJM-MF (D.N.J. Jan. 17, 2018), ECF No. 1. Therefore, Defendant's own conduct and admitted financial position severely undermine her argument that this will be a "run-of-the-mill collections case." Def. Motion at 10, ECF No. 29.

The first, third, fourth, and fifth *Dillon* factors all weigh in Plaintiff's favor. While nothing indicates Plaintiff will have difficulty obtaining a judgment after appeal (the second *Dillon* factor), that fact does not constitute "exceptional circumstances." *See Hilburn I* at *29. Therefore, Defendant failed to meet her burden, and the Court will not waive the bond requirement of Rule 62(d).

## 2. Defendant's Proffered Bond Alternative Would Not Provide Plaintiff with Adequate Security

While Defendant failed to establish the exceptional circumstances necessary to waive the requirements of Rule 62(d), the Court also finds that Defendant's proffered bond alternative is inadequate. Defendant offered to refrain from selling her house or car during the pendency of her appeal. Def. Motion at 8, 10, ECF No. 29; Shan Decl. ¶ 2, ECF No. 29.3. But Defendant failed to provide any evidence of the house's value. Without such evidence, the Court cannot assess

whether a promise not to sell provides adequate security to Plaintiff.[2]  Because the moving party bears the burden of proffering an adequate bond alternative, *see Hilburn I* at *30, and Defendant failed to do so here, the Court will not waive the bond requirement of Rule 62(d).

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Shan's Motion to Stay Enforcement of the April 23, 2018 Judgment and for Waiver of the Supersedeas Bond Requirement.

_/s/ William J. Martini_

**WILLIAM J. MARTINI, U.S.D.J.**

---

[2] Defendant did value her car at $19,787, Shan Decl. ¶ 1, ECF No. 29.3, far short of the $1,373,318 judgment and thus insufficient to provide adequate security.